IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

AIX SPECIALTY INSURANCE
COMPANY,
                Plaintiff,

v.                                                 CIVIL ACTION NO. 2:24-cv-00053

GUNTHER-MCNEELY-NOLAN
AMERICAN LEGION POST 19 AND S.B.,

                Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion for Summary Judgment, filed by Plaintiff AIX Specialty Insurance Company ("AIX"), [ECF No. 22]. Defendant Gunther-McNeely-Nolan American Legion Post 19 ("American Legion") responded in opposition to the motion, [ECF No. 29]. AIX replied, [ECF No. 31]. For the following reasons, Plaintiff's motion for Summary Judgment is **GRANTED**.

I.   Background

This Declaratory Judgment action has four counts: Count I, Declaratory Judgment based on Assault, Battery or Other Physical Altercations exclusion; Count II, in the alternative, Declaratory Relief based on Liquor Liability exclusion; Count III, in the alternative, Declaratory Relief based on Expected or Intended Injury exclusion; and Count IV, Declaratory Relief based on Punitive Damages exclusion. [ECF No. 1].

The Declaratory Judgment action arises from an underlying personal injury action filed by S.B. in the Circuit Court of Kanawha County, West Virginia, Civil Action No. 23-C-407 ("underlying action"), against American Legion, Michael Miller, the West Virginia State Police, and West Virginia Department of Homeland Security. [ECF No. 1 ¶ 6].

S.B. alleges that she was a customer at American Legion "on the night of December 17th and early morning of December 18, 2021, when she began to feel ill." *Id.* ¶ 7. S.B. claims that she woke up in her bed several hours later with numerous injuries. *Id.* ¶ 8. Subsequently, S.B. went to the emergency room at Charleston Area Medical Center Women's and Children's Hospital in Charleston, West Virginia, where a rape kit confirmed that she had been raped and sodomized with an unknown instrument. *Id.* ¶ 9. S.B. alleges that Michael Miller drugged, abducted, and raped her. *Id.* ¶¶ 10–11.

American Legion was issued a general liability policy bearing No. LFZ-ML-20000255-04 (the "Policy") by AIX, with an effective term from July 7, 2021, to July 7, 2022. *Id.* ¶ 14. The insuring clause of the Policy states, in pertinent part:

> SECTION 1 – COVERAGES
> COVERAGE – BODILY INJURY AND PROPERTY DAMAGE LIABILITY
> 1. Insuring Agreement
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . .

*Id.* ¶ 19.

Further, "[t]he Policy contains an Endorsement titled Assault, Battery or Other Physical Altercation Exclusion, which modifies the Commercial General Liability Coverage Part." *Id.* ¶ 20. The Endorsement provides:

> A. **SECTION I – COVERAGE A**, Paragraph **2. Exclusions, a. Expected or Intended Injury** is deleted and replaced by the following:
> This insurance does not apply to:
> **Expected or Intended Injury**
> "Bodily injury" or "property damage" expected or intended from the standpoint of any insured.
> B. **SECTION I – COVERAGE A**, Paragraph **2. Exclusions**, is amended to add the following:
> This insurance does not apply to:
> **Assault, Battery or Other Physical Altercation**
> "Bodily injury" or "property damage":
> 1. Expected or intended from the standpoint of the insured;
> 2. Arising in whole or in part out of any "assault" or "battery" committed or attempted by any person;
> 3. Arising in whole or in part out of any attempt by any person to avoid, prevent, suppress or halt any actual or threatened "assault" or "battery"; or
> 4. Arising in whole or in part oy of any actual or threatened verbal or physical confrontation or altercation committed or attempted by any person, or any attempt by any person to avoid, prevent, suppress or halt any actual or threatened verbal or physical confrontation or altercation.
>
> This exclusion applies to all acts or omissions and all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence, gross negligence, recklessness or intentional tort and shall not be subject to any severability or separation of insureds provision in the policy.
>
> D. The following definitions apply for the purpose of this endorsement:
> 1. "Assault" means any willful attempt or threat to inflict injury upon the person of another, when coupled with an apparent present ability so to do, and any intentional display of force such as would give the victim reason to fear or expect immediate bodily harm.
> 2. "Battery" means any wrongful physical contact with a person without his or her consent that entails some injury or offensive touching.

3

*Id.* On February 17, 2024, AIX filed this motion for Summary Judgment against American Legion. [ECF No. 22]. Plaintiff asserts in Count I of the Complaint that the Policy excludes coverage on the basis of the Assault, Battery or Other Physical Altercation Exclusion. [ECF No. 22, ¶ 7]. Further, Plaintiff asserts Count IV bars AIX from obligation to indemnify American Legion for S.B.'s claim for punitive damages litigation costs, attorney's fees and interest incurred in the underlying action. *Id.* ¶ 8.

## II. Legal Standard

### A. Declaratory Judgment

Under the Declaratory Judgment Act, a district court may, in a case or controversy otherwise within its jurisdiction, "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A declaratory judgment action "is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Centennial Life Ins. Co. v. Poston,* 88 F.3d 255, 256 (4th Cir. 1996) (quoting *Aetna Cas. & Sur. Co. v. Quarles,* 92 F.2d 321, 325 (4th Cir. 1937)).

### B. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "Facts are 'material' when they

might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ. Co. v. Raleigh–Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). The moving party may meet its burden of showing that no genuine issue of material fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). Rather, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

### III. Discussion

AIX moves for summary judgment on Counts I and IV. [ECF No. 23, at 4]. AIX does not move for summary judgment on Counts II and III, however, AIX does not waive the right to raise these exclusions as potential bars to coverage. *Id.* Further, if summary judgment is granted on Count I the remainder of Count II and III, in the alternative, will be dismissed. *Id.*

#### A. Count I

AIX asserts it has no duty to defend American Legion, or any other party under the Policy regarding the underlying action. [ECF No. 22, ¶ 7]. American Legion argues that AIX has a duty to defend because: (1) it had no notice of the amended

5

policy including the exclusionary provision, (2) AIX has a duty to defend under Coverage B: Personal and Advertising Injury, and (3) the coverage is not clear and unambiguous in determining whether coverage extends to third-party actors. [ECF No. 29].

### 1. The Defendant had notice of the updated policy that includes the exclusionary provisions.

Defendants first raise the defense that American Legion did not receive notice of the Policy. [ECF No. 29, at 4]. This is not well received. "One of the principal purposes of the summary judgment rule is to isolate and dispose of *factually unsupported* claims or defenses, and [the court] think[s] it should be interpreted in a way that allows it to accomplish this purpose." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) (emphasis added). The only evidence the Defendant offers is that the Policy, issued in 2017, was amended six months prior to the incident to include the exclusionary policy at issue. [ECF No. 29, at 4].

However, even if the court were to find that this defense was factually supported, American Legion still had notice. American Legion received a copy of the Policy. [ECF No. 31, at 6]. Summary judgment is appropriate when the moving party shows there is no genuine issue material fact through "various documents" within discovery. *Barwick*, 736 F.2d at 958. Here, American Legion states that the Policy was amended with no special notice or explanation. [ECF No. 29, at 4]. However, the very first page of the Policy is titled "**IMPORTANT NOTICE TO POLICYHOLDERS ASSAULT, BATTERY OR OTHER PHYSICAL ALTERCATION**." [ECF No. 31, at 6]; *see also* [ECF No. 1]. Therefore, I find that American Legion had notice. It is not

6

appropriate to deny Plaintiff's motion for summary judgment on the basis of notice.

### 2. American Legion is not covered under Coverage B: Personal and Advertising Injury.

Defendant next raises the defense that the actions alleged S.B. in the underlying action constitute the tort of false imprisonment. [ECF No. 29, at 8]. However, S.B. did not assert the claim of false imprisonment in the underlying action.

"In West Virginia, 'any exercise of force, or express or implied threat of force, by which in fact any person is deprived of his liberty, compelled to remain where he does not wish to remain, or to go where he does not wish to go, is an imprisonment.'" *Parish v. Auto Detailing by Me, LLC*, No. 5:12–cv–03759, 2014 WL 1153735, at *10 (S.D. W. Va. Mar. 20, 2014) (quoting *Johnson v. Norfolk & W. Ry. Co.*, 97 S.E. 189, 191 (W. Va. 1918)). An insurance company may determine whether they must provide coverage or defense based on the complaint and the insurance policy. *Essex Ins. Co. v. Napple's Bullpen, LLC*, 33 F. Supp. 3d 667, 673 (N.D. W. Va. 2014); *see also West Virginia Fire & Cas. Co. v. Stanley*, 602 S.E.2d 483, 498–99 (W. Va. 2004). In short, resolving a duty to defend question "requires [an] examination of (1) the policy language to ascertain the terms of the coverage and (2) the underlying complaint to determine whether any claims alleged therein are covered by the policy." *Essex Ins. Co.*, 33 F. Supp. 3d at 673 (quoting *Fuisz v. Selective Ins. Co. of Am.*, 61 F.3d 238, 242 (4th Cir. 1995)).

The Supreme Court of Appeals of West Virginia has held that an insurer can determine if it must provide coverage by examination of (1) the policy and (2) the claims alleged in the complaint. *Id.* First, Section B "personal and advertising injury"

in pertinent part states:

> **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**
>
> 1. Insuring Agreement
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply…
>
> **SECTION V – DEFINTIONS**
>
> 14. "Personal and Advertising Injury" means injury, including consequential "bodily injury" arising out of one or more of the following offenses:
>
>    a. False arrest, detention, or imprisonment[.]

[ECF No. 29, at 3–4]. Section B does provide coverage for the tort of false imprisonment. However, the insurer can look to both the policy and the underlying complaint when determining if coverage exist. *Essex Ins. Co.*, 33 F. Supp. 3d at 673. Therefore, since Section B does provide coverage for false imprisonment I then turn to see if the underlying complaint alleges a claim that is covered by the policy. In the underlying complaint, S.B. asserts nine claims, yet false imprisonment is not one. [ECF No. 1]. Moreover, since S.B. did not assert a claim for false imprisonment, Section B does not provide coverage for American Legion.

### 3. The Assault or Battery Exclusion is clear and unambiguous when determining whether the coverage extends to third-party actors.

Lastly, the Defendant claims that the Assault or Battery Exclusion is unclear and ambiguous. [ECF No. 29, at 9]. While not explicit, it appears that the Defendant

8

is arguing that the exclusion is inapplicable as applied to acts of third-parties.

The Supreme Court of Appeals of West Virginia has held that "[w]here the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." *Canal Ins. Co. v. Dupont*, 47 F.Supp.3d 460, 463–64 (S.D. W. Va. Sept. 11, 2014) (quoting Syl. Pt. 1, *Keffer v. Prudential Ins. Co.*, 172 S.E.2d 714, 714 (W. Va. 1970)). Further, "[l]anguage in an insurance policy should be given its plain, ordinary meaning." Syl. Pt. 4, *American Nat'l Prop. & Casualty Co. v. Clendenen*, 793 S.E.2d 899, 901 (W. Va. 2016) (internal citations omitted). However, "[w]henever the language of an insurance policy provision is reasonably susceptible of two different meanings or is of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning, it is ambiguous." *Canal Ins. Co.*, 47 F.Supp.3d at 464 (quoting Syl. Pt. 5, *Hamric v. Doe*, 499 S.E.2d 619, 620 (W. Va. 1997)). Therefore, "ambiguous terms in insurance contract are to be strictly construed against the insurance company and in favor of the insured." Syl. Pt. 6, *Clendenen*, 793 S.E.2d at 901.

Here, although not explicitly stated, it appears that Defendant is arguing that the term "any" is unclear and ambiguous. [ECF No. 29, at 12–13]. Specifically, American Legion alleges the Policy is unclear and ambiguous in determining if coverage extends to a third-party that committed the assault or battery. *Id*. This assertion is incorrect. The term "any" is clear and unambiguous and includes third-party actors. The Assault or Battery Exclusion in pertinent part states:

9

> **Assault, Battery or Other Physical Altercation**
> "Bodily injury" or "property damage":
> 1. Expected or intended from the standpoint of the insured;
> 2. Arising in whole or in part out of any "assault" or "battery" committed or attempted by any person;
> 3. Arising in whole or in part out of any attempt by any person to avoid, prevent, suppress or halt any actual or threatened "assault" or "battery"; or
> 4. Arising in whole or in part oy of any actual or threatened verbal or physical confrontation or altercation committed or attempted by any person, or any attempt by any person to avoid, prevent, suppress or halt any actual or threatened verbal or physical confrontation or altercation.

*Id.* at 3–4. The language of the Policy should be given its plain meaning. Syl. Pt. 4, *Clendenen*, 793 S.E.2d at 901. "Any" is defined as "one or some indiscriminately of whatever kind."[1] Further, the Policy is ambiguous when the language is reasonably susceptible to two meanings. *Canal Ins. Co.*, 47 F.Supp.3d at 464. The plain meaning of "any" is broad, but at no point is it subject to more than one meaning. Therefore, the plain meaning of "any" encompasses a third-party actor with no connection to American Legion.

Accordingly, Plaintiff's motion for summary judgment as it pertains to Count I is **GRANTED**.

### B. Count IV

American Legion does not dispute AIX's assertion that Count IV bars any obligation of AIX to indemnify American Legion for S.B.'s claim for punitive damages, attorney's fees and interest incurred in the prosecution of the underlying action. [ECF No. 29, at 13]. However, American Legion argues the Supplementary Payment clause

---

[1] *Any*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/any (last visited July 9, 2025).

still requires AIX to pay attorney's fees awarded as compensatory damages, litigation expenses, or interest. *Id.* Further, American Legion argues that because AIX provided coverage at the start of the underlying action it is obligated to continue to indemnify. *Id.*

The Supplementary Payment provision states in pertinent part:

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:
   a. All expenses we incur.
   e. All court costs taxed against the insured in the "suit." However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.
   f. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

[ECF No. 31, at 6]. As I previously found, AIX has no obligation to defend or indemnify American Legion with respect to S.B.'s claims in the underlying action. Consequently, AIX is not obligated to pay any damages awarded against American Legion. Further, although AIX defended American Legion, subject to a reservation of its rights, AIX is similarly under no obligation to pay all court costs taxed against the insured as coverage is barred by the Assault, Battery, or Other Physical Altercation Exclusion Endorsement contained in the Policy. Thus, Plaintiff's motion for summary judgment pertaining to Count IV is **GRANTED**.

IV. Conclusion

For the foregoing reasons, the court **DECLARES** (1) the claims asserted by S.B. against the American Legion in the Underlying Action are barred by the Assault,

Battery, or Other Physical Altercation Exclusion Endorsement and (2) AIX has no obligation to defend or indemnify American Legion for S.B.'s claims asserted in the underlying action, including claims for punitive damages, litigation costs, attorney's fees. Accordingly, Plaintiff's motion for summary judgment is **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:　July 18, 2025

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE